JACKSON *v.* HART.

Complaint as follows: That on, &c., plaintiff and defendant, at, &c., were partners in the business of, &c.; that on or about said day, they dissolved partnership, and plaintiff sold his interest to defendant for the sum of 466 dollars, and defendant gave his notes for 338 dollars, and assumed the payment of ———— due from plaintiff to *L.*, which said defendant refused to pay, which sum was 88 dollars, 48 dollars whereof the defendant paid said *L.*; and that said *L.* also assumed the payment of 83 dollars, 50 cents, due from plaintiff to *M.*, which said defendant refused to pay, and said *M.* sued plaintiff and recovered the sum specified, to the damage, &c.; wherefore, &c. *Held*, bad on demurrer.

APPEAL from the *Hancock* Court of Common Pleas.

Worden, J.— Complaint by *Hart* against *Jackson*, as follows, viz.:

"Plaintiff complains, &c., and says that on the 19th day of *May*, 1854, the said plaintiff and defendant, at, &c., were partners in the business of carriage-making, and that on or about said day said plaintiff and defendant dissolved partnership, and that plaintiff sold his interest in the partnership concerns to said defendant for the sum of 466 dollars, and that said defendant gave his notes for the sum of 338 dollars, and assumed the payment of the sum of —— due from the plaintiff to *George Landis*, which said defendant refused to pay, which sum was 88 dollars, 48 dollars whereof the defendant paid said *Landis*, and that said *Landis* also assumed the payment of the sum of 83 dollars, 50 cents, due from plaintiff to one *John McGraw*, which said defendant refused to pay, and that said *McGraw* sued said plaintiff and recovered the sum above specified from said plaintiff, to the damage of the plaintiff 200 dollars; wherefore," &c.

A demurrer to this complaint, assigning for cause that it does not state facts sufficient to constitute a cause of action, was overruled, and the defendant excepted. Such proceedings were afterwards had as that judgment was rendered for the plaintiff for 94 dollars, 29 cents.

We are of opinion that the complaint does not contain any good cause of action, and that the demurrer to it should have been sustained. The notes mentioned are evidently not intended to be made the basis of the action. They are not set out, nor is their payment negatived. To whom the defendant assumed the payment of the claims due from the plaintiff to *Landis* and to *McGraw*, does not appear except by inference. Indeed, so far as the *McGraw* claim is concerned, the allegation is that *Landis* assumed the payment of it, but this probably is a clerical error. The main objection to the complaint, however, is, that it does not appear upon what consideration the defendant's assumption of the *Landis* and *McGraw* claims was based.

*(margin:)* May Term, 1859.

JACKSON v. HART.

*Tuesday, June 28.*

If the complaint be construed to mean that the defendant promised the plaintiff to pay the claims specified, still it is not averred that the promise was made in consideration of the sale to the defendant by the plaintiff of his interest in the partnership concerns, nor is any other consideration averred. Indeed, the inference that the promise alleged was in consideration of such sale, if otherwise it could be drawn, is repelled by the facts stated. The sale is alleged to have been for 466 dollars. Notes were given for 338 dollars, and if the 88 dollars due to *Landis*, and the 83 dollars, 50 cents, due to *McGraw*, are to be included as the consideration for the sale, we have the sum of 509 dollars, 50 cents, which considerably overruns the amount to be given. Under these circumstances, we cannot infer that the promise to pay the specified debts was made in consideration of the sale mentioned; and such facts not being averred, the promise stands without any consideration to support it, and is *nudum pactum*. All ambiguities are to be construed most strongly against the pleader. *Tercy* v. *Strain*, 2 Ind. R. 113. Applying this rule to the case before us, it is clear that no ground of action appears in the complaint.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings not inconsistent with the opinion.

*R. A. Riley*, for the appellant.